UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER MILLER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:15CV1401 CDP |
| | ) |
| BAYER HEALTHCARE | ) |
| PHARMACEUTICALS INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case comes before me on the motion to stay filed by Defendant Bayer HealthCare Pharmaceuticals, Inc. Plaintiffs oppose a stay, arguing the case should instead be remanded to state court. Because I agree that judicial economy favors a stay of this action, I will grant Bayer HealthCare's motion.

## Background

Jennifer Miller and over eighty other plaintiffs (collectively, "Miller"), filed suit in state court alleging that the Mirena hormonal IUD manufactured and designed by Defendant Bayer HealthCare, caused them significant physical injury. Bayer HealthCare removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, alleging that the sole non-diverse plaintiff was fraudulently joined and that the out-of-state plaintiffs were

procedurally misjoined. Miller has filed a motion to remand, and Bayer HealthCare has filed a motion to dismiss for lack of personal jurisdiction.

This case represents one of a large number of products liability actions now pending in federal court related to the Mirena IUD. On April 8, 2013, the Judicial Panel on Multidistrict Litigation established an MDL case before the Honorable Cathy Seibel of the United States District Court for the Southern District of New York. *See In re: Mirena IUD Prods. Liab. Litig.*, MDL No. 2434. Bayer HealthCare seeks an order staying all proceedings in this action pending anticipated transfer of this case to the MDL court. Miller opposes a stay and requests that I first rule on her motion to remand.

## **Legal Standards**

A district court has inherent power to stay its proceedings. *Bledsoe v. Janssen Pharmaceutica*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to stay proceedings, a district court must exercise judgment by weighing "competing interests" and maintaining "an even balance." *Id.* at 254–55; *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Specifically, "the district court should consider three

factors: (1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360; *Bledsoe*, 2006 WL 335450, at *1.

## **Discussion**

Bayer HealthCare argues that a stay pending transfer to the MDL court is necessary to preserve judicial resources, to ensure uniform decisions on pretrial rulings, and to minimize prejudice to the parties. The Court finds Bayer HealthCare's arguments persuasive.

Judicial economy weighs heavily in favor of granting a stay. A stay will allow consistent pretrial rulings and conserve the resources of the parties, counsel, and the judiciary. Absent a stay, these entities likely will be forced to engage in duplicative efforts in a number of fora. While Miller will be subjected to some prejudice in the form of a delay pending transfer, that prejudice is largely outweighed by the judicial economy obtained.

In addition, once transferred, the likelihood of inconsistent rulings will be greatly diminished. The desire to avoid inconsistent rulings guides decisions affecting the MDL process. *Cf. In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in

order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.").

Miller argues that this case should be remanded before transfer because jurisdiction is a threshold matter to be given first priority. However, "plaintiffs' pending remand motion 'can be presented to and decided by the transferee judge.'" *Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. Aug. 15, 2001); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)); *see also In re Vioxx*, 360 F. Supp. 2d at 1354 ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."). This Court finds that the circumstances favor allowing the transferee judge to rule on the remand motion if the case is ultimately transferred to the MDL.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bayer HealthCare's motion to stay [# 7] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2015.